IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CATHERINE E. MCGINNIS | § | |
|     Plaintiff | § | |
| VS. | § | CASE NO. 4:09cv334 |
| | § | |
| DODEKA, LLC and PUTONI & | § | |
| ESCOVER, P.C.,. | § | |
|     Defendants | § | |

## MEMORANDUM OPINION AND ORDER REGARDING MOTIONS TO DISMISS

Now before the Court are Defendants Putoni & Escover, PC's Fed. R. Civ. P. 12(c) Motion to Dismiss Plaintiff's Original Complaint (Dkt. 19), Defendant Dodeka, LLC's Fed. R. Civ. P. 12(c) Motion to Dismiss Plaintiff's Federal Claims and Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's State Law Claims (Dkt. 22), Defendant Dodeka, LLC's Supplemental Motion to Dismiss (Dkt. 33), and Plaintiff's Motion for Partial Summary Judgment (Dkt. 26). As set forth on the record at the hearing conducted on March 8, 2010, the motions to dismiss are GRANTED in part and DENIED in part, the motion for partial summary judgment is DENIED, and the matter will proceed to trial as set forth below.

### BACKGROUND

This suit arises out of a prior state court lawsuit filed in Collin County against Catherine E. McGinnis (Plaintiff in the underlying suit) by Dodeka, LLC (a Defendant in this suit). Counsel for Dodeka, LLC in the state court suit was Putoni & Escover, P.C. (a Defendant in this suit). The state court suit apparently sought to collect a debt owed by McGinnis to Direct Merchants Credit Card

1

Bank NA in the amount of $6,551.84. According to the pleadings before the Court, said debt was purchased by Unifund CCR Partners who then fully assigned the debt to Dodeka, LLC.

In this suit, Plaintiff brings claims under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Practices Act. Plaintiff argues that the Collin County lawsuit filed against her by Defendants violated the FDCPA. In particular, Plaintiff claims that Defendants' actions violated debt collections practices because she never had a contract with Defendant Dodeka to support the debt and because Dodeka made misrepresentations in the state court petition regarding its collection activities.

Defendants now seek to dismiss Plaintiff's complaint for failure to state a claim. Plaintiff also seeks partial summary judgment against Defendant Dodeka for some of the alleged FDCPA violations.

## STANDARD FOR MOTION TO DISMISS

Defendants bring their motion to dismiss under Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955,

1969, 167 L.Ed.2d 929 (2007). In other words, the motion may not be granted based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings ...." *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citations omitted). Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Id*. A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### ANALYSIS

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

Plaintiff claims that Defendants' violations of the FDCPA include but are not limited to violation of the following sections: 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f. In addition to the claims under the FDCPA, Plaintiff brings claims under the Texas Debt Collection Act, TDCA. Specifically, Plaintiff alleges that Defendants violated Texas Finance Code § 392.304(a)(8) by misrepresenting the character of a consumer debt and Texas Finance Code § 392.304(a)(19) by using false representations and deceptive means to collect a consumer debt.

Defendants argue that the face of Plaintiff's complaint does not state a claim for any FDCPA violations. The Court disagrees in part, and finds that Plaintiff has sufficiently stated facts to support some of her claims here.

Plaintiff argues that Defendants violated the "least sophisticated consumer standard" of Section 807 (15 U.S.C. § 1692e) which prohibits false or misleading representations. First, Plaintiff alleges Defendants violated 15 U.S.C. §§1692e(2)(A) and 1692e(10) by using objectively false representations and/or false deceptive or misleading representations in connection with the collection of consumer debt. Plaintiff also alleged that Defendants violated this standard as set forth under 1692e(5) by threatening to take an action which cannot legally be taken.

Plaintiff alleges that the petition filed against her in state court incorrectly stated that she entered into a loan contract with "Dodeka," refused to pay the amount due under the credit card contract, and owed Defendant damages in the amount of at least $6,551.84. The undisputed facts before the Court indicate that Dodeka is in the business of the collection of consumer debts and acquired the debt through a series of assignments. It also appears undisputed that the credit card account at issue was not one issued by Dodeka but an account acquired by Dodeka through a series of assignments.

The gravamen of Plaintiff's complaint here is that the face of the state court petition did not clearly map out those assignments, making the claims against her confusing and misleading. Defendants argue that the state court petition did not contain any misleading statements as a matter of law because none of the alleged misrepresentations satisfy the unsophisticated consumer

4

requirement of the Act. In order to be false under section 807, a representation must mislead the unsophisticated or least sophisticated consumer. *Goswami v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004). Such a consumer is "neither shrewd nor experienced in dealing with creditors." *Id.* Nevertheless, he also is not "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (quoting *Taylor v. Perrin Landry DeLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997)).

Here, Plaintiff takes issue with the fact that the state court petition states that she entered into an agreement with "Defendant" (Dodeka), rather than "Defendant's assignors" or the original creditor. Defendants argue that, even if the assignment to Dodeka was not set forth in the body of the state court petition, the attachments to the petition clearly set forth the assignment such that it would not mislead even an unsophisticated consumer. As has been recently noted by a court in the Northern District of Texas, "even an unsophisticated consumer should have read the entire document, including attachments, to discern the nature of the claim." *Walker v. Pharia, LLC,* 2010 WL 565654, *3 (N.D. Tex. 2010).

> Attached to the state court petition was an affidavit which states:
>
> This account was originated with DIRECT MERCHANTS CREDIT CARD BANK NA on June 21, 2000 under the affinity name of HOUSEHOLD METRIS. UNIFUND CCR PARTNERS purchased this account from DIRECT MERCHANTS CREDIT CARD BANK NA (which issued the account under the affinity name of HOUSEHOLD METRIS) on March 21, 2007. Said account was fully assigned and transferred to Dodeka, LLC on January 7, 2008 with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfiaction of the account.

Dkt. 22-2. The affidavit references a specific Account Number at the top, but does not indicate the

name of the creditor on the credit card. *Id*. It is signed by the Media Manager for UNIFUND CCR PARTNERS. *Id*. The discovery requests attached to the state court petition indicate the original creditor's name was DIRECT MERCHANTS CREDIT CARD BANK NA. *Id*.

Having reviewed the pleadings before it, the Court finds that, even taking into account the attachments to the state court petition, Plaintiff has stated a claim for FDCPA violations under Section 807. The two Northern District of Texas cases cited by Defendants are distinguishable, and the Court declines to dismiss the claims on that basis. *Walker v. Pharia, LLC*, 2010 WL 565654, *3 (N.D. Tex. 2010) (dismissing claims under section 807 of FDCPA based on conclusion that "it wholly implausible that any consumer would have been mislead after reading the entirety of Pharia's state-court petition." where chain of assignment was set forth in affidavit attached to petition); *Meroney v. Pharia, LLC*, 2009 WL 3378416, *3 (N.D. Tex. 2009) (finding that state court petition did not as a matter of law violate the least sophisticated consumer standard and dismissing FDCPA claims). In *Meroney v. Pharia*, the state court petition at issue specifically referenced the assignors of the parties seeking to recover the debt. In this case, the assignment was not referenced in the petition, so the Court finds that there is a possibility that even a "careful reading of the state court petitions and related affidavits would thus reveal that Pharia purchased the debts thirdhand from Meroney's original creditors." *Meroney v. Pharia, LLC*, 2009 WL 3378416, *3 (N.D. Tex. 2009). And, because Plaintiff here claims that the petition did not provide a complete mapping of the chain of assignment, unlike the court in *Walker v. Pharia,* the Court finds that it is not "wholly implausible" that Plaintiff was mislead here. That issue is best left for a jury.

Additionally, the Court notes that Plaintiff's allegation that she did not receive *repeated* written demands, as alleged, sufficiently states a claim under FDCPA. If true, such a practice could constitute unfair practices under the Act, and it should not be disposed of on a motion to dismiss. Therefore, the motion to dismiss is denied as to Plaintiff's claims under 15 U.S.C. §§1692e(2)(A) and 1692e(10).

Defendants also seek dismissal of Plaintiff's claims under 15 U.S.C. § 1692d and 1692f. Plaintiff argues that Defendants violated Section 806 (15 U.S.C. § 1692d) of the FDCPA which prohibits harassment or abuse and Section 808 (15 U.S.C. § 1692f) which prohibits unfair practices by (1) making false presentations as to the existence of a contract between Plaintiff and Dodeka; (2) making false representations as to a credit card application to Dodeka; (3) making false representations as to a loan or credit card being issued from Dodeka to Plaintiff; (4) making false representations as to Plaintiff breaching a contract with Dodeka; and (5) making false representations as to Defendants' collection activity including multiple written demands for payment.

While the Court agrees that the facts alleged by Plaintiff (including the lack of clarity in the assignment history in the state court petition and the issue regarding repeated demand letters) are sufficient to state a claim under Section 808 (15 U.S.C. § 1692f) for unfair practices, the Court finds that Plaintiff's claims for harassment or abuse under 806 (15 U.S.C. § 1692d) should be dismissed. Although the statute does not limit the types of behavior prohibited, they include use or threats of use of violence, obscene or profane language, coercion, annoying repeated phone calls or phone calls where the caller is not identified, or noncompliant publications of certain debts. *See* 15 U.S.C. § 1692d. While Plaintiff's allegations may constitute misleading statements and while they may have

7

been unfair, the Court finds that they do not rise to the level of abuse or harassment contemplated by the statute.

The Court also finds that Plaintiff's claim that Defendants violated Section 1692e(5) by threatening to take an action which cannot legally be taken should be dismissed. As several other courts have recognized, § 1692e(5) applies only to "threats" of action, not to actions actually taken. *Meroney v. Pharia*, LLC 2009 WL 3378416, 3 (N.D. Tex. 2009) *(citing Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp.2d 942, 948 (S.D. Ohio 2005) (holding that plaintiff did not state a claim under § 1692e(5) where lawsuit to collect debt was actually filed)). Since Plaintiff's claims here are based on the state lawsuit filed against her, absent authority to the contrary, her claims under 1692e(5) are dismissed.

In their motions to dismiss, Defendants also argue that Plaintiff's request for injunctive relief is inappropriate. Since Plaintiff has not provided any response to that issue in its pleadings and since Plaintiff has not specified the activities she seeks to enjoin, the Court grants the motion to dismiss as to that form of relief.

As to the argument that Defendant Putoni & Escover, P.C. should not be held liable under the FDCPA, the Court agrees with Plaintiff that attorneys can be held liable under the FDCPA as "debt collectors" and dismissal on that grounds is not appropriate at this time. The mere fact that an individual is an attorney does not absolve him from liability as a debt collector. *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 1489, 131 L.Ed. 2d 395 (1995) (the term "debt collector" in the Fair Debt Collection Practices Act applies to a lawyer who regularly, through litigation, tries to collect consumer debts); *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009) ("Debt collectors acting

solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.'").

A party's general debt collection activities are determinative of whether they meet the statutory definition of a debt collector. *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006). No evidence has been offered to the Court specifically in this regard. Until such matters are presented to the Court, the Court declines to find that Plaintiff has failed to state a claim against a lawyer or law firm simply because it is a lawyer or law firm. However, as the Court has already indicated, absent compelling evidence to the contrary presented at trial, the Court is wary about extending liability to a lawyer or law firm who was acting merely on behalf of its clients. Nonetheless, the statute does not foreclose such liability and the claims remain at this time. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ S. Ct. __. 2010 WL 1558977 (April 21, 2010) (discussing the scope of the bona fide error defense available to lawyers under Section 1692k of the FDCPA).

Because the Court has declined to dismiss Plaintiff's claims under the FDCPA, Defendants' request to deny the state law claims is denied as moot. Therefore, Defendants Putoni & Escover, PC's Fed. R. Civ. P. 12(c) Motion to Dismiss Plaintiff's Original Complaint (Dkt. 19), Defendant Dodeka, LLC's Fed. R. Civ. P. 12(c) Motion to Dismiss Plaintiff's Federal Claims and Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's State Law Claims (Dkt. 22), Defendant Dodeka, LLC's Supplemental Motion to Dismiss (Dkt. 33) are GRANTED as to Plaintiff's claims under Sections 1692d and 1692e(5) of the FDCPA and Plaintiff's claims for injunctive relief and DENIED as to all

other claims at this time.

Plaintiff has also filed a motion arguing that she is entitled to partial summary judgment on her claims under Section 807 and 808 of the FDCPA. Plaintiff argues that because FDCPA is a strict liability statute, there is no need to determine the intent of Defendants in holding them liable for their misrepresentations. As noted above, however, the Court finds that there is a factual issue as to whether the statements and representations made were false or misleading. Therefore, Plaintiff's Motion for Partial Summary Judgment (Dkt. 26) is DENIED. Whether Defendants' actions were misleading will be a matter for the jury at trial.

**SO ORDERED.**

**SIGNED this 7th day of May, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE